NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000369
15-MAR-2019
08:16 AM

NO. CAAP-16-0000369

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I, Plaintiff-Appellee, v.
BRANDON B.W. GOO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-15-01524)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Brandon B.W. Goo (Goo) appeals from an April 4, 2016 Notice of Entry of Judgment and/or Order and Plea/Judgment, entered by the District Court of the First Circuit, Honolulu Division (District Court).[1] The District Court convicted Goo of one count of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2018).[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Goo's points of error as follows and affirm.

---

[1] The Honorable William M. Domingo presided.

[2] HRS § 291E-61(a)(1) provides, "A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle . . . [w]hile under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]"

(1) Goo argues that according to the definition set forth in HRS § 291E-1 (2007), "alcohol" means "the product of distillation of any fermented liquid" and does not include beer, wine, or other non-distilled liquors. Based on this interpretation, Goo maintains the Complaint was defective for failing to define "alcohol"; HRS § 291E-1 and -61 are unconstitutionally vague for failing to put Goo on notice that he could be convicted of OVUII for being under the influence of beverages that do not meet the HRS § 291E-1 definition of alcohol; and there was insufficient evidence to support the conviction where Plaintiff-Appellee State of Hawai'i failed to show the alcoholic beverage Goo allegedly consumed fit the definition set forth under HRS § 291E-1.

Goo's arguments lack merit in light of the Hawai'i Supreme Court's holding in State v. Tsujimura, 140 Hawai'i 299, 400 P.3d 500 (2017), that the meaning of "'alcohol' [under HRS § 291E-1 (2007)] is not limited to alcohol derived from distillation" but includes beer, wine, and other fermented liquors containing ethanol, and the definition of alcohol, according to HRS § 291E-1, comported with its commonly-understood meaning. Id. at 306, 308-09, 400 P.3d at 507, 509-10 (citation omitted).

(2) Goo argues the District Court's "ultimate" Tachibana colloquy was deficient because it was not a "true colloquy" but, rather, a "litany of rights/advisements[,]" followed by the court's question, "Do you understand these rights?" Because Goo raises this argument for the first time, we review it for plain error. See Hawai'i Rules of Penal Procedure Rule 52(b). We hold no plain error occurred where the District Court advised Goo of his rights and, in so doing, engaged in several verbal exchanges with Goo consistent with State v. Celestine, 142 Hawai'i 165, 170-71, 172 n.15, 415 P.3d 907, 912-13, 914 n.15 (2018), and, thus, conducted a "true colloquy." See Tachibana v. State, 79 Hawai'i 226, 236 n.7, 900 P.2d 1293, 1303 n.7 (1995); State v. Han, 130 Hawai'i 83, 90, 306 P.3d 128, 135 (2013); State v. Horvath, 142 Hawai'i 489, 421 P.3d 697, No. CAAP-17-0000349, 2018 WL 3154778 at *1 (App. Jun. 28, 2018)

(SDO).  Cf. State v. Pomroy, 132 Hawai'i 85, 93-94, 319 P.3d 1093, 1101-02 (2014).

(3)  Goo argues for the first time on appeal the District Court's pre-trial advisement was deficient because the District Court failed to inform him if he did not testify, the District Court would not use that against him to decide the case. Although the District Court's pre-trial advisory omitted this information, which is required by State v. Monteil, 134 Hawai'i 361, 373, 341 P.3d 567, 579 (2014), we review an alleged error in the pretrial advisement for actual prejudice.  Han, 130 Hawai'i at 89, 306 P.3d at 134.  Goo does not allege actual prejudice and, in any event, chose not to testify.  Moreover, the omission was remedied in the "ultimate" colloquy, when the District Court stated, "If you decide not to testify, the Court cannot hold it against you."  See State v. Akahi, 92 Hawai'i 148, 150-51, 988 P.2d 667, 669-70 (App. 1999).  Based on the totality of the circumstances, it appears Goo was aware of his rights.  The District Court did not plainly err.

(4)  Goo argues that based on certain findings by the District Court suggesting he was not under the influence of alcohol in an amount sufficient to impair his mental faculties or ability to guard against casualty, and in light of evidence showing he did not understand the field sobriety test (FST) instructions, there was insufficient evidence to support the conviction.  We disagree.  Viewing the evidence in the light most favorable to the prosecution, as we must, State v. Mitchell, 94 Hawai'i 388, 393, 15 P.3d 314, 319 (App. 2000), we hold the conviction was supported by sufficient evidence based on Officer Ah Nee's testimony regarding Goo's performance on the FST as well as the officer's testimony that when he first saw Goo, Goo appeared to be speeding; when the officer first initiated the traffic stop, Goo failed to pull over as instructed; when the officer talked to Goo, he noticed Goo's eyes were red, watery, and glassy and Goo emitted the odor of an alcoholic beverage; and while performing the FST, Goo continued to emit the odor of an alcoholic beverage.  See State v. Doo, 139 Hawai'i 273, 388 P.3d 902, No. CAAP-15-0000449, 2016 WL 6906706 at *1 (App. Nov. 23,

3

2016) (SDO).  "[A]ppellate courts will give due deference to the right of the trier of fact to determine credibility, weigh the evidence, and draw reasonable inferences from the evidence adduced." State v. Kam, 134 Hawai'i 280, 287, 339 P.3d 1081, 1088 (App. 2014) (citation omitted).

Therefore, IT IS HEREBY ORDERED that the April 4, 2016 Notice of Entry of Judgment and/or Order and Plea/Judgment, entered by the District Court of the First Circuit, Honolulu Division is affirmed.

DATED:  Honolulu, Hawai'i, March 15, 2019.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge